**COMMODEX SYSTEMS CORPORATION, Plaintiff,**

v.

**GTE TELENET COMMUNICATIONS CORPORATION, Defendant.**

**No. 82 Civ. 3295 (JES).**

United States District Court, S. D. New York.

May 21, 1982.

J. Martin Obten, New York City, for plaintiff; Joel A. Drucker, New York City, of counsel.

Miller, Montgomery, Sogi & Brady, New York City, for defendant; Courtlandt G. Miller, William Bruce Attfield, New York City, of counsel.

## OPINION AND ORDER

SPRIZZO, District Judge:

Plaintiff, a New York corporation, is engaged in the business of publishing and

transmitting to its customers on a daily basis trend signals in commodity futures contracts. Plaintiff entered into a contract with defendant whereby defendant provided a packet switching network to interface with plaintiff's computer so that plaintiff's signals could be distributed. Plaintiff alleges that defendant failed to install the equipment on the installation date and that when the equipment was installed, it failed to perform properly. Plaintiff did not pay for the equipment although it continued to utilize it. In a letter of March 18, 1982 defendant offered to replace the equipment at no charge to plaintiff on the· condition that plaintiff pay its account in full and pay all other charges as they became due. Plaintiff was also advised in said letter that failure to pay its account would result in termination of services. On May 20, 1982, after plaintiff had failed to pay the arrears owed to defendant, service was terminated. Plaintiff has now moved this Court for a preliminary injunction requiring defendant to continue to provide service to it.

It is well settled that, on a motion for a preliminary injunction, plaintiff must make a showing of possible irreparable injury and either (1) probable success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting preliminary relief. *Caulfield v. Board of Education*, 583 F.2d 605, 610 (2d Cir. 1978).

Plaintiff claims that termination of service causes it irreparable injury because it cannot conduct its business. It maintains that it would take approximately 60 days to secure equipment elsewhere. Plaintiff conceded that it failed to pay for defendant's equipment but argues that defendant induced it to believe that it would not have to make the payments because of the damages it sustained due to the faulty installation and equipment. It does, however, admit having received the letter of March 18th.

Plaintiff's application for a preliminary injunction is denied because it appears that plaintiff's alleged irreparable injury is a consequence of its own making. It could have prevented termination of service by making the payments demanded by defendant. If plaintiff believed that it was defrauded into purchasing the equipment, that defendant breached its contract or warranties or that defendant received payments to which it was not entitled, its remedy was and is a suit for damages. Instead, plaintiff chose not to pay for the equipment which it was using. Having done so, and having suffered a termination of service, plaintiff cannot now be heard to complain that its injury is irreparable. It cannot through its own conduct transform an injury compensable in money damages into an irreparable injury. The fact that plaintiff claims that it has no funds to pay its arrears is of no consequence. A movant is not entitled to a preliminary injunction requiring a creditor to continue to perform services simply because it cannot pay its bills. Therefore, it is

ORDERED that plaintiff's motion for a preliminary injunction is denied.